UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:08-CV-26-R

GARY M. MUFFLEY  
                                                             PETITIONER

v.

APL LOGISTICS MANAGEMENT  
WAREHOUSE SERVICES, INC.                                     RESPONDENT

## MEMORANDUM OPINION

This matter comes before the Court on Petitioner's Motion for Clarification of Order and Issuance of a Revised Order (Docket #29). Respondent has filed an response (Docket #30), to which Petitioner has replied (Docket #33). This matter is now ripe for adjudication. For the reasons that follow, Petitioner's motion is GRANTED IN PART.

## DISCUSSION

On February 27, 2008, this Court entered an order granting Petitioner's Petition for Injunction. The order specifically enjoined Respondent from "failing and refusing to recognize and bargain with International Chemical Workers Union Council, Local 692C/United Food & Commercial Workers International Union, AFL-CIO-CLC ("Union") as the exclusive collective-bargaining representative of employees in the unit represented by the Union and from making unilateral changes in the wages and other terms and conditions." The order did not address the following additional relief prayed for in Petitioner's January 8, 2008, petition:

> (1) An order enjoining and restraining Respondent from, in any like or related manner interfering with, restraining or coercing its employees in the exercise of their rights under Section 7 of the Act; and
> (2) An affirmative order directing Respondent to:

  a. recognize and, upon request, bargain in good faith with the Union as the exclusive collective-bargaining representative of the employees employed in the Unit;
  b. notify and bargain in good faith with the Union before making any changes in the wages, benefits and any other terms and conditions of employment of employees in the Unit;
  c. post copies of the District Court's opinion and order at Respondent's Shepherdsville, Kentucky facility, where Respondent's notices to employees are customarily posted; said posting shall be maintained during the Board's administrative proceedings, free from all obstructions and defacements; and agents of the Board shall be granted reasonable access to the facility to monitor compliance with the posting requirement; and
  d. within 20 days of the issuance of the Order, file with the District Court, with a copy submitted to the Regional Director of the Board for the Ninth Region, a sworn affidavit from a responsible official of the Respondent, setting forth with specificity the manner in which the Respondent has complied with the terms of the decree, including how the documents have been posted as required by the order.

  Petitioner now requests that the Court issue a revised order containing all of the relief prayed for in its Petition for Injunction. Petitioner states that the additional relief requested is appropriate given the Court's finding that injunctive relief is just and proper in this matter, and is neither extraordinary nor unduly burdensome to Respondent. Respondent opposes Plaintiff's request, arguing that the injunction issued by the Court is the only relief necessary to preserve the status quo. Respondent states that the additional relief requested by Petitioner is not warranted because (1) a broad injunction would enjoin Respondent from committing acts that were not alleged to have occurred, and (2) affirmative bargaining orders are imposed when respondents are engaged in pervasive and egregious unfair labor practices, which is not the case here. Petitioner maintains that a narrow cease and desist order and an affirmative order are

necessary and appropriate.

As explained in the Court's February 27, 2008, Memorandum Opinion, a district court may order temporary injunctive relief if it finds that (1) there is reasonable cause to believe that the alleged unfair labor practices have occurred, and that (2) injunctive relief is just and proper. *Kobell v. United Paperworkers Int'l Union*, 965 F.2d 1401, 1406 (6th Cir. 1992). Injunctive relief is just and proper under Section 10(j) where it is "necessary to return the parties to status quo pending the Board's proceedings in order to protect the Board's remedial powers under the NLRA" and where achieving status quo is possible. *Id.* at 1410 (quoting *Gottfried v. Frankel*, 818 F.2d 485, 495 (6th Cir. 1987)). The status quo referred to is that which existed before the charged unfair labor practices took place. *Nixon Detroit Diesel*, 859 F.2d at 30 n.3.

Here, the Court has already found that there was reasonable cause to believe that the alleged unfair labor practices occurred. The Court has also found that injunctive relief is just and proper. Today, the Court clarifies its prior order to make clear that additional relief prayed for in Petitioner's Petition for Injunction is just and proper. A narrow order "enjoining and restraining Respondent from, in any like or related manner interfering with, restraining or coercing its employees in the exercise of their rights under Section 7 of the Act" is appropriate because the Court found there was reasonable cause to believe that the alleged unfair labor practices occurred. *See Highlands Reg'l Med. Ctr.*, 347 N.L.R.B. No. 120 (2006), *enforced* 508 F.3d 28 (D.C. Cir. 2007). An affirmative order requiring Respondent to post copies of the Court's order is also just and proper because it officially notifies Respondent's employees of the Court's order. *See Gottfried v. Mayco Plastics, Inc.*, 472 F. Supp 1161, 1166 (E.D. Mich. 1979), *aff'd* 615 F.2d 1360 (6th Cir. 1980).

The Court finds that an affirmative bargaining order directing Respondents to comply with paragraphs (2)a and (2)b is not necessary to return the parties to the status quo. Respondent has already officially recognized and agreed to bargain with the Union, and represented that it will fully comply with the Court's prior order. The Court also does not find it necessary to order Respondents to comply with the relief requested in paragraph 2(d).

## **CONCLUSION**

For the foregoing reasons, Petitioner's Motion for Clarification of Order and Issuance of a Revised Order is GRANTED IN PART.

An appropriate order shall issue.